IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MISCELLANEOUS WAREHOUSEMEN'S ) <br> LOCAL 781 HEALTH & WELFARE FUND, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GLASS MANAGEMENT SERVICES, INC., ) <br> an Illinois corporation, d/b/a GLASS & MIRROR ) <br> AMERICA, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br><br> NO. <br><br> JUDGE |

## **C O M P L A I N T**

Plaintiff, MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781 HEALTH & WELFARE FUND, by its attorneys, complaining of the Defendant, GLASS MANAGEMENT SERVICES, INC., an Illinois corporation, d/b/a GLASS & MIRROR AMERICA, alleges as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiff, MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781 HEALTH & WELFARE FUND, is an "employee welfare benefit fund," and "plan," within the meaning of ERISA, administered by a Board of Trustees within this District and Division.

3. Defendant is an "Employer" within the meaning of ERISA, which is obligated to make fringe benefit contributions to Plaintiff pursuant to the terms of a collective bargaining

agreement between Defendant and Teamsters Local 781, which incorporates the Agreement and Declaration of Trust governing Plaintiff.

4. Under the collective bargaining agreement, Agreement and Declaration of Trust and Plaintiff's Employer Contribution Collection Policy, Defendant is specifically required to do the following:

(a) To submit to Plaintiff for each month a report identifying each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions in the amount required by the collective bargaining agreement, due by the 15th day of the month following the month in which the work was performed; contributions are deemed delinquent if not received by the last day of the month following the month in which the work was performed;

(c) To pay interest on late or unpaid contributions at the rate of 1.5% per month as set by the Trustees, from the date when the payment is deemed delinquent to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, court costs and attorneys' fees;

(d) To compensate Plaintiff for the additional administrative costs and burdens imposed by untimely payment of contributions by payment of liquidated damages at the rate of 5% per month on all amounts paid late or remaining unpaid, or, alternatively, once the matter has been referred to legal counsel for collection, in an amount equal to the higher of interest on the late or unpaid contributions or 20% of the late or unpaid contributions;

(e) To furnish to the Trustees, if requested, a statement showing (1) whether the organization is a corporation and, if so, the names of all of its officers; or (b) if not a corporation, a certificate stating that it is either a partnership or an individual proprietorship and the names of the partners or the name of the individual proprietor;

(f) To make all of its payroll books and records available to Plaintiff to verify the accuracy of Defendant's past reporting, upon request made by Plaintiff, and

                     to pay the costs of such audit if it is determined that Defendant owes an amount in excess of 5% of all contributions due during the audit period;

        (g)       If assessed liquidated damages, to deposit on demand of the Trustees an advance payment guarantee in an amount not to exceed three times Defendant's monthly contributions, as estimated by the Trustees;

        (h)       To pay any medical or hospital claims incurred by its employees during any delinquency.

        5.       Defendant is delinquent and has breached its obligations to Plaintiff in the following respects:

        (a)       Defendant has failed to make payment of contributions, liquidated damages, and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its employees incorrectly to Plaintiff;

        (b)       Defendant has failed to submit all of its reports to Plaintiff due to date and/or has failed to make payment of all contributions acknowledged by Defendant to be due Plaintiff. Defendant further owes liquidated damages and interest on contributions previously paid late, or remaining unpaid.

        6.       That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount currently known to be due is $86,370.17, which amount includes unpaid contributions, liquidated damages and interest, subject to the possibility that additional unknown amounts may be due, and that additional amounts may come due during the pendency of this lawsuit.

        7.       Plaintiff has requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

        8.       Defendant's continuing refusal and failure to perform its obligations to Plaintiff is causing and will continue to cause irreparable injuries to Plaintiff for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays:

(A) That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiff with all information required thereon, and to continue submitting such reports while this action is pending;

(B) That judgment be entered in favor of Plaintiff and against Defendant for all unpaid contributions, liquidated damages, interest, any costs of auditing Defendant's records, and Plaintiff's reasonable attorneys' fees and court costs incurred in this action, as specified herein or as subsequently determined, all as provided for in the collective bargaining agreement, Trust Agreement, Employer Contribution Collection Policy and/or in ERISA;

(C) That Defendant be permanently enjoined to perform specifically its obligations to Plaintiff, and in particular, to continue submitting the required reports and contributions due thereon to Plaintiff in a timely fashion as required by the Trust Agreement and by ERISA;

(D) That Plaintiff have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/ Patrick N. Ryan

Stephen J. Rosenblat
Patrick N. Ryan
Attorneys for the Plaintiff
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6278364
Telephone: (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\781W\Glass & Mirror\#27646\complaint.pnr.df.wpd